# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VALLES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOPARAL, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-01638-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>(ECF No. 8.)<br><br>OBJECTIONS DUE WITHIN THIRTY-DAYS |

Plaintiff Christopher Valles is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on October 5, 2012, and is currently pending screening. On November 13, 2012, Plaintiff filed a motion for a request for production of documents. (ECF No. 8.) Plaintiff states that he contacted an attorney who indicated that he might take Plaintiff's case and provided the attorney with his medical documents. The attorney has since declined to take the case and did not return the documents. Plaintiff requests the Court to call or write to the attorney and direct him to return the documents to Plaintiff so he can litigate this action.

Plaintiff is seeking an order from the court which is a form of injunctive relief. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before

it, it has no power to hear the matter in question. Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff's allegations that prison officials failed to provide adequate medical care does not confer upon the court jurisdiction to order the attorney he contacted regarding the case to return his documents. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's request for production of documents, filed November 13, 2012, be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 21, 2012              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE