# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER VALLES,<br><br>        Plaintiff,<br><br>  v.<br><br>DR. BOPARAI, et al.,<br><br>        Defendants. | 1:12-cv-01638-AWI-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### First Screening Order

**I.     Screening Requirement and Standard**

    Plaintiff Christopher Valles ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on October 5, 2012, is currently before the Court for screening.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Institution for Men in Chino, California. The events alleged in his complaint occurred while Plaintiff was housed at Avenal State Prison. Plaintiff names (1) Dr. Boparai, Chief Physician and Surgeon, (2) Dr. E. Greenman, Chief Medical Officer, (3) Dr. J. Ortiz, (4) Dr. G. Campbell, (5) Barry J. Green, PA, (6) A. Ree, RN, (7) L. Noyes, RN, (8) Starr, RN, and (9) Dianne Hoehing as defendants.

Plaintiff's complaint is very brief and not entirely clear.  The Court therefore summarizes Plaintiff's allegations as follows:  Defendant Boparai and Defendant Greenman are responsible for overseeing the care and treatment of inmates and the training of medical staff at Avenal State Prison.

Between March 18 and June 24, 2008, Plaintiff reported dizziness and lightheadedness six times to Defendant Ortiz.  This ongoing problem was never referred to another doctor or

specialist and Defendant Ortiz never tried to find out why Plaintiff was suffering these symptoms.

On April 16, 2008, Plaintiff reported dizziness and lightheadedness to Defendant Green. Plaintiff had a CAT-Scan on March 30, 2008 because he got dizzy, passed out and cut his forehead. Although doctors stated "that CAT-Scan may have not go [sic] deep enough to that tumor," they still did not try to find out why Plaintiff was suffering these symptoms. (ECF No. 1, p. 4.)

On May 22, 2009, Defendant Starr triaged Plaintiff by phone. Plaintiff's vitals were checked and he was sent back to his housing despite Plaintiff telling Defendant Starr how long his symptoms of dizziness and lightheadedness had been going on.

On August 5, 2010, Plaintiff reported to Defendant Ree that he had been throwing up and his dizziness and lightheadedness were getting worse. Plaintiff was not referred to a doctor about the ongoing problem.

On August 11, 2010 and October 8, 2010, Plaintiff reported symptoms of dizziness, throwing up, headaches and his sense of balance being off to Defendant Hoehing. Defendant Hoehing talked to Defendant Campbell about Plaintiff's lay-in, but not about his ongoing symptoms. Although Plaintiff was suffering, one of the defendants stated, "He does not want to work." (ECF No. 1, p. 5.) Plaintiff complains that Defendant Campbell should have been worried about the on-going symptoms, not just thinking of the lay-in.

On September 7, September 28 and September 30, 3010, Plaintiff reported dizziness, headache, throwing-up, black-out, not being able to walk in a straight line and his balance being off to Defendant Noyes. Defendant Noyes checked Plaintiff's vitals and diagnosed him as fine enough to go back to his housing. Defendant Noyes did not refer Plaintiff to a doctor at any time.

For two and a half years, Plaintiff reported these symptoms to medically trained staff. At one point, Plaintiff passed out and reported the same symptoms. They checked his vitals, gave him acetaminophen and sent him back to housing. Plaintiff was given a follow-up with Dr. Atienza on October 11, 2010.

Unknown to Plaintiff, he suffered a stroke, causing the right side of his face to droop. When Dr. Atienza saw Plaintiff's face, he said, "Hell no." Dr. Atienza ordered a CAT-Scan at Twin Citys. They saw something and ordered a MRI at Sierra Vista Regional Medical Center. At Sierra Vista Regional Medical Center, they found a brain stem tumor (4-3-4 cm round). Doctors stated that it took years for it to grow. Doctors did surgery on October 14, 2010 to remove most of the tumor. Plaintiff underwent radiation therapy in January of 2011 and returned to Avenal State Prison on March 1, 2011.

Plaintiff alleges that the tumor caused nerve damage in his tongue, giving him trouble eating, swallowing and speaking. Plaintiff also alleges that it caused nerve damage to his shoulder, preventing him from lifting it overhead, and caused damage to his sense of balance. Plaintiff now requires a walker and is a fall risk. Doctors state that it is permanent.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is sparse and does not clearly set forth the factual allegations underlying his claims. His allegations are conclusory and fail to describe specific actions by the different defendants. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each defendant sufficient to state a claim.

#### B. Supervisory Liability

Plaintiff attempts to hold Defendants Boparai and Greenman liable based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or

4

omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that Defendants Boparai and Greenman participated in or directed any violations or knew of the violations involving Plaintiff and failed to prevent them. Plaintiff will be given leave to cure these deficiencies.

### C. Eighth Amendment- Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811(1994). If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Toguchi, 391 F.3d at 1057.

Plaintiff appears to allege that Defendants Ortiz, Campbell, Green, Ree, Noyes, Starr and Hoehing should have conducted additional testing or made referrals to determine the underlying cause of his symptoms, which was later revealed to be a brain stem tumor.  However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Toguchi, 391 F.3d at 1057 (citation omitted).  A cursory review of the exhibits attached to Plaintiff's complaint suggests that Plaintiff reported additional symptoms, including stomach pain, for which he received treatment and diagnostic testing.  The Court therefore finds that Plaintiff fails to set forth factual allegations to show that Defendants Ortiz, Campbell, Green, Ree, Noyes, Starr and Hoehing were aware that Plaintiff had a serious medical need and their response to that need was deliberately indifferent. Jett, 439 F.3d at 1096.  Plaintiff will be given leave to cure these deficiencies to the extent that he is able to do so.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim against any of the defendants.  However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **October 17, 2013**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE